CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

May 20, 2026

LAURA A. AUSTIN, CLERK
BY: /s/ M. Poff
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **JOHN DOE,** | ) | |
|     **Petitioner,** | ) | **Civil Action No. 7:26cv00403** |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **VIRGINIA DEPARTMENT OF** | ) | **By:  Robert S. Ballou** |
| **CORRECTIONS, et al.,** | ) | **United States District Judge** |
|     **Respondents.** | ) | |

John Doe, a Virginia inmate proceeding *pro se*, filed a petition for writ of mandamus against the Virginia Department of Corrections (VDOC) and various employees of VDOC and the Pocohontas State Correctional Center (PSCC).  Petitioner seeks to compel the state agency and its various employees (1) "to provide the five (5) hour weekly minimum of outside recreation time already ordered… [2] to provide out-of-bed-area time as listed in VADOC operating procedure and PSCC's 24 hour clock … [3] [o]versight by collecting footage which definitively proves these goals are met, and a reporting system to provide accountability … [and 4] [r]etraining or [r]estaffing where blatant disregard of constitutional protections has been committed and/or permitted."  ECF No. 1 at 13.

Federal district courts have jurisdiction in "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  28 U.S.C. § 1361.  "Mandamus relief is a drastic remedy and should be used only in extraordinary circumstances."  *In re Matousek*, 857 F. App'x 146, 146 (4th Cir. 2021).  A party seeking a writ of mandamus must show that "his right to the issuance of the writ is clear and indisputable" and that he "has no other adequate means to attain the relief he desires."  *Media Gen. Operations, Inc. v. Buchanan*, 417 F.3d 424, 433 (4th Cir. 2005).

Petitioner is unable to show that he has a clear and indisputable right to the requested mandamus relief.  It is well settled that federal courts do not have jurisdiction to grant mandamus relief against state officials or agencies.  *Gurley v. Superior Ct. of Mecklenburg Cnty.*, 411 F.2d 586, 587 (4th Cir. 1969); *see also Amisub (PSL), Inc. v. Colo. Dep't of Soc. Servs.*, 879 F.2d 789 (10th Cir. 1989) ("No relief against state officials or state agencies is afforded by § 1361."). Consequently, the relief sought by Petitioner is "not available by way of mandamus."  *In re Matousek*, 857 F. App'x at 146.

Should the plaintiff wish to bring this action under 42 U.S.C. § 1983 challenging his conditions of confinement, he can refile this action. The plaintiff is advised that any action under § 1983 must allege with sufficient particularity the identity of the individual(s) he contends acted under the color of state law in such a manner as to violate his constitutional rights.

For these reasons, Doe's petition for a writ of mandamus is **DENIED**.[1]  An appropriate order will be entered.

Enter:  May 20, 2026

*/s/ Robert S. Ballou*

Robert S. Ballou
United States District Judge

---

[1] On May 18, 2026, Petitioner filed a motion that the court has construed as a Motion to Proceed under a Pseudonym.  I am dismissing the Complaint without addressing whether the Petitioner can proceed under a pseudonym.  Additionally, as the Complaint will not be served, I will allow the case to remain as a John Doe action.