CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

July 21, 2026

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **JOHN DOE,** | ) | |
| **Petitioner,** | ) | **Civil Action No. 7:26cv00403** |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **VIRGINIA DEPARTMENT OF** | ) | **By:  Robert S. Ballou** |
| **CORRECTIONS, et al.,** | ) | **United States District Judge** |
| **Respondents.** | ) | |

John Doe, a Virginia inmate proceeding *pro se*, filed a petition for writ of mandamus against the Virginia Department of Corrections (VDOC) and various employees of VDOC and the Pocohontas State Correctional Center (PSCC).  Petitioner sought to compel the state agency and its various employees (1) "to provide the five (5) hour weekly minimum of outside recreation time already ordered… [2] to provide out-of-bed-area time as listed in VADOC operating procedure and PSCC's 24 hour clock … [3] [o]versight by collecting footage which definitively proves these goals are met, and a reporting system to provide accountability … [and 4] [r]etraining or [r]estaffing where blatant disregard of constitutional protections has been committed and/or permitted."  Dkt. 1.

On May 20, 2026, I issued a Memorandum Opinion explaining that federal courts do not have jurisdiction to grant mandamus relief against state officials or agencies, issued an Order denying Doe's petition, and dismissed the case.  Dkt. 3, 4.  On June 15, 2026, Petitioner filed a Motion for Certificate of Appealability.  For the reasons stated below, the Motion is **DENIED** as moot.

It is well-settled that a state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, 28 U.S.C. § 2253, and "[b]efore an

appeal may be entertained, a prisoner who was denied habeas relief in the district court must first seek and obtain a [Certificate of Appealability] from a circuit justice or judge. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36, (2003). This jurisdictional prerequisite is statutorily based as mandated by 28 U.S.C. § 2253(c)(1), requiring that "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals." 28 U.S.C. § 2253(c)(1). As such, "until a [Certificate of Appealability] has been issued federal courts of appeals lack jurisdiction to rule on the merits of appeals from habeas petitioners." *Miller-El*, 537 U.S. at 336.

However, Petitioner filed a writ of mandamus, which is completely different from a writ of habeas corpus. As explained in my May 20, 2026, Memorandum Opinion, "[w]rits of mandamus are extraordinary writs and the power to issue them is exercised sparingly. *Kerr v. United States District Court*, 427 U.S. 394, 402–03 (1976). Mandamus relief is a drastic remedy and should be used only in extraordinary circumstances. *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 380, 124 S.Ct. 2576, 159 L.Ed.2d 459 (2004); *In re Murphy-Brown, LLC*, 907 F.3d 788, 795 (4th Cir. 2018). Further, mandamus relief is available only when the petitioner has a clear right to the relief sought and "has no other adequate means to attain the relief [he] desires." *Murphy-Brown*, 907 F.3d at 795 (alteration and internal quotation marks omitted). Most importantly, federal courts do not have jurisdiction to grant mandamus relief against state officials, *Gurley v. Superior Ct. of Mecklenburg Cnty.*, 411 F.2d 586, 587 (4th Cir. 1969).

In his petition, Doe specifically requested the Court compel state officers to do certain things. Since Petitioner was not challenging anything regarding his state conviction or sentence, the Court could not convert his petition to a habeas petition. Accordingly, as his petition was not

a habeas petition, a Certificate of Appealability is unnecessary, and I find that Petitioner's

Motion is moot.  The Court will instead construe Petitioner's Motion as a Notice of Appeal.

For the reasons stated, Petitioner's Motion is denied.  An appropriate order will be

entered.

Enter:  July 21, 2026

/s/ Robert S. Ballou

Robert S. Ballou
United States District Judge